UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. GLADFELTER, JR., | : | CIVIL NO. **4:06-CV-1360** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| THOMAS HOGAN, LORI MITRICK, | : | |
| DOUGLAS KILGORE, STEVE | : | |
| CHRONISTER, ROBB GREENE, | : | |
| STANLEY REBERT and WILLIAM | : | |
| HOSE, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on July 11, 2006.  On August 11, 2006, the defendants filed an answer to the complaint.

On April 16, 2007, after the close of the discovery period, the defendants filed a motion for summary judgment, a statement of material facts, a brief and documents in support of their motion for summary judgment.  The plaintiff did not file a

brief in opposition to the motion for summary judgment as
required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated May 18, 2007, the plaintiff was ordered
to file a brief in opposition to the defendants' motion for
summary judgment, a response to the defendants' statement of
material facts and any summary judgment evidence in opposition to
the motion on or before June 7, 2007.  The Order of May 18, 2007,
warned the plaintiff that if he failed to file a brief in
opposition, we would consider recommending that this action be
dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the
factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d
863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to the
defendants' motion for summary judgment as ordered.

Federal Rule of Civil Procedure 41(b) allows for the
dismissal of an action where the plaintiff fails to prosecute or
fails to comply with rules or orders of the court.  The plaintiff
has failed to prosecute this action and has failed to obey the

2

court's Order of May 18, 2007, and Local Rule 7.6, which requires the filing of an opposition brief.  The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion for summary judgment. The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim.   *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).   The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*.   The plaintiff's failure to comply with the Order of May 18, 2007, indicates that the plaintiff has abandoned this lawsuit.

4

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the plaintiff's failure to obey Local Rule 7.6 and the Order of May 18, 2007.


                                        */s/ J. Andrew Smyser*
_____                               J. Andrew Smyser
                                         Magistrate Judge

Dated:  June 21, 2007.